UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X   Civil Action No.:   1:21-CV-21-7185
JADE ADAMS and CHARISMA SCOTT,

                                             VERIFIED COMPLAINT

              Plaintiffs,

    -against-

THE UNITED STATES OF AMERICA and
KIMBERLY SHAWN SAMS,

              Defendants.
------------------------------------------------------X

      The plaintiffs, by their attorneys, KUBICK & ASSOCIATES, P.C., complaining of the defendants herein, respectfully set forth and allege as follows:

## JURISDICTIONAL ALLEGATIONS

1. At all times hereinafter mentioned, the plaintiffs each were and still are both residents of the County of Kings, located in the State of New York. Accordingly, the United States District Court for the Eastern District of New York is the proper judicial district pursuant to 28 U.S.C. § 1402(b).

2. This cause of action arises as a result of a motor vehicle accident that occurred on December 9, 2020, in the County of New York, State of New York, specifically on Convent Avenue between 150th Street and 151st Street.

3. Upon information and belief, and at all times hereinafter mentioned, the United States Postal Service was and still is a Federal agency of the defendant, the United States of America.

4. Upon information and belief, and at all times hereinafter mentioned, the defendant, KIMBERLY SHAWN SAMS, was and still is a resident of Bronx County, located in the State of

New York.

5. This action for each plaintiff is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et. seq.

6. On or about the 3rd day of February, 2021, in conformity with 28 U.S.C. § 2675, the plaintiffs each caused an executed Standard Form 95, Claim for Damage, Injury or Death (attached hereto as "Exhibit 1" and "Exhibit 2"), to be presented in writing to the United States Postal Service, at 380 West 33rd Street, Room 4061, New York, New York 10199.

7. Each plaintiffs' Standard Form 95 was presented in writing within two (2) years as prescribed by 28 U.S.C. § 2401(b).

8. More than six (6) months have elapsed since each plaintiffs' Standard Form 95 was presented in writing to the United States Postal Service, and said agency has failed to reach final disposition of either of the plaintiffs' Standard Form 95.

9. By reason thereof, each plaintiff has satisfied all conditions precedent to bringing this lawsuit.

10. The amount in controversy herein exceeds the sum of $75,000 for each plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION

11. At all times hereinafter mentioned, the plaintiff, CHARISMA SCOTT, was a passenger in a motor vehicle operated by plaintiff, JADE ADAMS, bearing New Jersey State license plate number E83KXJ.

12. Upon information and belief, and at all times hereinafter mentioned, the defendant, the United States of America, owned a certain vehicle bearing license plate number 6530295.

13. Upon information and belief, and at all times hereinafter mentioned, the defendant, the

United States of America, owned a certain vehicle bearing license plate number 6530295.

14. Upon information and belief, and at all times hereinafter mentioned, the defendant, the United States of America, leased and/or rented the aforesaid motor vehicle.

15. Upon information and belief, and at all times hereinafter mentioned, the defendant, the United States of America, lease and/or rented the aforesaid motor vehicle from a party not named as a defendant herein.

16. Upon information and belief, and at all times hereinafter mentioned, the defendant, the United States of America, maintained the aforesaid motor vehicle.

17. Upon information and belief, and at all times hereinafter mentioned, the defendant, the United States of America, managed the aforesaid motor vehicle.

18. Upon information and belief, and at all times hereinafter mentioned, the defendant, the United States of America, controlled the aforesaid motor vehicle.

19. Upon information and belief, and at all times hereinafter mentioned, the defendant, KIMBERLY SHAWN SAMS, was an employee of the defendant, the United States of America, and was acting within the scope of her employment at the time of the subject incident.

20. Upon information and belief, and at all times hereinafter mentioned, the defendant, KIMBERLY SHAWN SAMS, was an employee of the United States Postal Service and was acting within the scope of her employment at the time of the subject incident.

21. Upon information and belief, and at all times hereinafter mentioned, the defendant, KIMBERLY SHAWN SAMS, operated the aforesaid motor vehicle, bearing license plate number 6530295, with the permission and consent, expressed or implied, of the defendant, the United States of America.

22. Upon information and belief, and at all times hereinafter mentioned, the defendant, KIMBERLY SHAWN SAMS, operated the aforesaid motor vehicle, bearing license plate number 6530295, with the permission and consent, expressed or implied, of the United States Postal Service.

23. Upon information and belief, and at all times hereinafter mentioned, the defendant, KIMBERLY SHAWN SAMS, operated the aforesaid motor vehicle, bearing license plate number 6530295, with the permission and consent, expressed or implied, of its owner.

24. Upon information and belief, and at all times hereinafter mentioned, Convent Avenue at or near its intersection with 150th Street and 151st Street was and still is a public roadway and/or thoroughfare within the County of New York, located in the State of New York.

25. On or about December 9, 2020, the plaintiff, JADE ADAMS, and the defendant, KIMBERLY SHAWN SAMS, were operating the aforesaid motor vehicles, respectively, at or along the aforesaid public roadway and/or thoroughfare.

26. On the aforementioned date, at the aforementioned location, and due to the negligence of the defendants, the motor vehicles operated by the plaintiff, JADE ADAMS, and the defendant, KIMBERLY SHAWN SAMS, came into contact and collided with each other.

27. The aforesaid occurrence was due to the negligence of the defendants, which consisted of: operating their motor vehicle in an unsafe manner; failing to have their motor vehicle under proper control; failing to observe the traffic conditions prevailing in the roadway; failing to keep the brakes and braking equipment in good and working condition and/or failing to seasonably and reasonably apply the same; failing to give any and/or proper and/or adequate signals or warnings of approach and/or danger; failing to keep proper position on the roadway; failing to

stop their motor vehicle prior to collision and/or impact; failing to properly train and/or supervise its employees and/or agents; violating the Vehicle & Traffic Laws of the State of New York; failing to take such care and caution so as to have avoided the occurrence; and otherwise operating their motor vehicle in a reckless, careless and negligent manner.

28. The accident and the plaintiffs' resultant injuries were caused solely by the negligence, carelessness and/or recklessness of the defendants, without any negligence on the part of the plaintiffs contributing thereto.

29. Each plaintiff is a "covered person" as such term is defined in the Insurance Law of the State of New York.

30. As a result of the foregoing collision, each plaintiff sustained a "serious injury" as such term is defined in the Insurance Law of the State of New York.

31. As a result of the foregoing, Plaintiffs were rendered sick, sore, lame and disabled, were seriously and permanently injured, have suffered injuries both internal and external, pain and mental anguish, were compelled to seek care and attention and, upon information and belief, will in the future be compelled to seek care and attention; were prevented from following usual vocation and/or avocation, sustained property damage, and were otherwise injured and damaged.

32. As a result of the foregoing, Plaintiff has sustained a serious injury and/or economic loss greater than basic economic loss, as defined in Section 5102 of the Insurance Law of the State of New York.

33. By reason thereof, each plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included with the definition of "basic economic loss" as such term is defined in the Insurance Law of the State of New York.

34. The limitations set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR Section 1602.

35. By reason of the defendants' aforementioned negligence, each plaintiff sustained serious bodily injuries with accompanying pain and suffering and was rendered sick, sore, lame and disabled, and said injuries are permanent; and each plaintiff was confined to her home and did require medicine and medical attention, all to their damage in a sum for each plaintiff not to exceed Three Million Dollars ($3,000,000.00) for each plaintiff, together with the costs and disbursements to abide the event.

WHEREFORE, the plaintiffs each demand judgment against the defendants in a sum not to exceed Three Million Dollars ($3,000,000.00), for an aggregate amount not to exceed Six Million Dollars ($6,000,000.00), on the first cause of action, together with interest, costs and disbursements to abide the event.

Dated: New York, New York
       December 30, 2021

KUBICK & ASSOCIATES, P.C.
Attorneys for Plaintiffs

By: _____
TONI KONG  (5297072)
32 Broadway, Suite 1514
New York, New York 10004
(212) 684-7541